IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVA SINGER, et al.,

    Plaintiffs

    v.

HOTEL GRAN MELIÁ,

    Defendant

CIVIL NO. 09-1130 (JP)

**OPINION AND ORDER**

Before the Court are Plaintiffs Dava Singer, Alan Singer, and minor L.S.'s motion for judgment notwithstanding the verdict (**No. 96**) and motion for a new trial (**No. 97**). Also before the Court are Defendant Desarrolladora del Norte S. en C. por A., S. E., d/b/a Gran Meliá Puerto Rico Resort & Villages' (the "Hotel") oppositions (Nos. 100 and 101) to said motions. For the reasons stated herein, Plaintiffs' motions for judgment notwithstanding the verdict and for a new trial are **DENIED**.

**I.**    **INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiffs filed the instant action pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, *et seq.*, alleging that minor Plaintiff L.S. was sexually assaulted on the premises of the Defendant Hotel, and that the Hotel's negligence was the cause of the assault. A jury trial was held, and the jury returned a verdict of liability against the Hotel (No. 89). The jury

CIVIL NO. 09-1130 (JP)          -2-

awarded damages of $540,000.00 to Plaintiff L.S. and $60,000.00 to Plaintiff Dava Singer, subject to an offset of 15% which the jury attributed to Plaintiffs' contributory negligence. The jury did not award damages to Plaintiff Alan Singer. In accordance with the jury's verdict, the Court entered a Judgment (No. 94) awarding Plaintiff L.S. the amount of $459,000.00, and awarding Plaintiff Dava Singer $51,000.00.[1]

Plaintiffs move for the Court to reject two portions of the jury verdict: (1) the 15% setoff for contributory negligence; and (2) the award of $0 damages to Plaintiff Alan Singer. Plaintiffs argue that these findings are respectively incorrect as a matter of law, and against the great weight of the evidence. Plaintiffs therefore move pursuant to Federal Rules of Civil Procedure 50 and 59 for judgment as a matter of law and a new trial. The Defendant Hotel argues that the jury's verdict should remain unaltered because there was sufficient evidence presented at trial to support the jury's findings on both of the challenged portions of the verdict. The Court will now consider the parties' arguments in turn.

---

1.  These amounts represent the net amount awarded by the jury to Plaintiffs L.S. and Dava Singer. $540,000.00 - 15% = $459,000.00 and $60,000.00 - 15% = $51,000.00.

CIVIL NO. 09-1130 (JP)           -3-

## II. **MOTION FOR JUDGMENT NOTWITHSTANDING JURY VERDICT FINDING 15% CONTRIBUTORY NEGLIGENCE**

### A. **Legal Standard for Motion for Judgment as a Matter of Law**

Pursuant to Rule 50(b), a party may renew a motion for judgment as a matter of law following the conclusion of a trial, so long as said motion is filed within the appropriate time frame. Under Rule 50, a trial court may grant judgment as a matter of law when "the jury [does] not have a legally sufficient evidentiary basis for its verdict." Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009) (internal quotations omitted). A judgment notwithstanding the verdict should be granted if, examining the evidence in the light most favorable to the non-moving party, the Court finds that the facts and reasonable inferences lead to only one conclusion – that there is a total failure of evidence to prove the non-moving party's case. Acevedo-García v. Monroig, 351 F.3d 547, 565 (1st Cir. 2003).

### B. **Analysis**

Plaintiffs argue in the instant case that the Defendant Hotel presented insufficient evidence to support its defense of contributory negligence. Defendant, on the other hand, argues that its defense of contributory negligence was supported by evidence presented at trial through testimony of witnesses, and reasonable inferences that the jury may have drawn from such testimony.

Defendant notes that minor Plaintiff L.S., who according to Plaintiffs' complaint was not accustomed to drinking alcohol,

CIVIL NO. 09-1130 (JP)          -4-

testified at trial that she drank a beer at a dinner event during the evening in question.  Plaintiff was not with her parents after the dinner event, as they were packing and resting in anticipation of the group's scheduled departure the following morning.  Subsequently, a member of the hotel's housekeeping staff testified that at approximately midnight she saw beer cans on the floor where a group of young people, including minor L.S., were listening to music on the second floor of Bungalow 13A.  Hotel staff members also testified that they later saw L.S. wandering alone outside in a dark area of the Hotel grounds.

While the Court may have interpreted this evidence differently if making findings of fact at a bench trial, the Court cannot determine that the evidence is so clearly insufficient that a jury could not possibly reach a finding of contributory negligence.  The jury may have credited the hotel staff member's testimony that she saw L.S. at a gathering with beer cans on the floor, and may have reasonably inferred that L.S. participated in additional drinking at said gathering.  The jury may further have interpreted the evidence as indicating that L.S. was intoxicated and was later wandering alone in a mentally impaired state.  The Court cannot say as a matter of law that there was a total failure of evidence to support this interpretation, or that such an interpretation could not be considered negligence.  Acevedo-Garcia, 351 at 565; P.R. Laws Ann. tit. 31, § 5141 ("Concurrent imprudence of the party aggrieved . . .

CIVIL NO. 09-1130 (JP)          -5-

entails a reduction of the indemnity"). Accordingly, the Court must deny Plaintiffs' motion for judgment notwithstanding the verdict of 15% contributory negligence.

### III. MOTION FOR NEW TRIAL ON ISSUE OF ALAN SINGER'S DAMAGES

#### A.   Legal Standard for Motion for a New Trial

A trial court may grant a motion for a new trial pursuant to Rule 59 when "the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a clear miscarriage of justice." Ahern v. Scholz, 85 F.3d 774, 780 (1st Cir. 1996) (internal quotations omitted). In assessing a Rule 59 motion, a district court judge "cannot displace a jury's verdict merely because he disagrees with it or would have found otherwise in a bench trial. The mere fact that a contrary verdict may have been equally-or even more easily-supportable furnishes no cognizable ground for granting a new trial." Id. (internal quotations omitted).

#### B.   Analysis

Plaintiffs move the Court to grant a new trial on the issue of Alan Singer's damages. Plaintiffs argue that the Court should grant a limited new trial because the jury's decision not to award damages to Plaintiff Alan Singer was against the great weight of the evidence. Defendants argue that the jury could reasonably have determined that Alan Singer's damages were not proven by a

CIVIL NO. 09-1130 (JP)          -6-

preponderance of the evidence, and therefore that the award of $0 was permissible.

At trial, the evidence of Alan Singer's damages consisted of his own testimony. This testimony was not supplemented by information from a psychological or psychiatric expert. Alan Singer testified that following the assault, his daughter has changed and as a result his relationship with her has changed. He testified that it has become more difficult to communicate with L.S. and connect with her. He further testified that he is angry about the situation and the individuals involved at the hotel as well as police officers and lawyers involved in the case.

On the basis of this testimony, the Court cannot conclude that the jury's verdict was against the clear weight of the evidence. The relevant evidence consisted of testimony of one individual. The jury may have determined that they did not find Alan Singer's testimony credible. Alternatively, the jury may have found that even if they did credit some or all of the testimony, they did not consider it sufficient to rise to the level of requiring compensatory damages. The relevant legal standard does not permit the Court to disregard the jury's verdict merely because a contrary verdict may have been equally-or even more easily-supportable.   <u>Id.</u>   The jury's determinations, which were made on the basis of one witness' testimony, do not constitute a verdict that is against the clear

CIVIL NO. 09-1130 (JP)          -7-

weight of the evidence. Accordingly, the Court shall deny Plaintiffs' motion for a new trial.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' motions for judgment notwithstanding the verdict and for a new trial are **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of January, 2010.

                                             s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE