IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAVA SINGER, et al.,<br><br>      Plaintiffs<br><br>      v.<br><br>HOTEL GRAN MELIÁ,<br><br>      Defendant | CIVIL NO. 09-1130 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs Dava Singer, Alan Singer, and Minor L.S.'s bill of costs (**No. 98**) and modified bill of costs (**No. 102**), as well as Defendant Desarrolladora del Norte S. en C. por A, S.E., d/b/a Gran Meliá Puerto Rico Resort & Villages' ("Hotel Gran Meliá") responses in opposition thereto (Nos. 99 and 103).  For the reasons stated herein, Plaintiffs' bill of costs and modified bill of costs are **GRANTED IN PART AND DENIED IN PART.**

**I.   BACKGROUND AND UNDISPUTED COSTS**

By way of background, a trial was held in the instant case which resulted in a Jury Verdict in favor of Plaintiffs Dava Singer and Minor L.S. (No. 89).  The Court subsequently entered a Final Judgment (No. 94) in accordance with the Jury Verdict.  Pursuant to Federal Rule of Civil Procedure 54(d), the Final Judgment awarded costs to Plaintiffs.

CIVIL NO. 09-1130 (JP)          -2-

Certain costs submitted by Plaintiffs are not in dispute. Defendant Hotel Gran Meliá agrees that Plaintiffs are entitled to recover: (1) fees of the clerk in the amount of $350.00; (2) costs for service of summons in the amount of $90; (3) court reporter fees for transcriptions of depositions in the amount of $2,414.55; (4) compensation of interpreters in the amount $2,072.50; and (5) the cost of obtaining the medical report in the amount of $24.75. There being no dispute as to these costs, the Court finds that Plaintiffs are entitled to recover at least $4,951.80. The Court will now proceed to consider the remaining costs submitted by Plaintiffs, to which Defendant objects.

## II.  **DISPUTED COSTS**

### A.   **Enlargement of Documents and Photographs**

Plaintiffs request reimbursement for $1,592.18 spent on enlargement and mounting of photographs and documents for use at trial. Defendant argues that this cost does not fall within the categories of costs permitted by 28 U.S.C. § 1920 ("Section 1920"). The potentially applicable parts of Section 1920 state that,

> A judge or clerk of any court of the United States may tax as costs the following: . . . (3) Fees and disbursements for printing . . .; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

In the instant case, Plaintiffs' preparation of enlarged images mounted on foam board are closer to "exemplification" than to "printing." Copies of the documents and photographs could have been

CIVIL NO. 09-1130 (JP)          -3-

printed in a normal size for submission into evidence and projection onto a screen for the jury, but as a matter of trial strategy Plaintiffs instead utilized the enlarged and mounted versions.

The United States Court of Appeal for the First Circuit has established that "[t]he decision of a court to award costs must be carefully tailored to the statute devoted to the taxation of costs, 28 U.S.C. § 1920." Rodríguez-García v. Dávila, 904 F.2d 90, 100 (1st Cir. 1990). In applying Section 1920, courts should permit costs that fall within the categories of costs permitted by the statute and are "reasonably necessary to the maintenance of the action." Id.

Whether enlarged and mounted images constitute exemplifications that are reasonably necessary to the maintenance of the action is debatable, and in some cases courts from other circuits have permitted such costs. See, e.g., Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). However, this Court has previously reached the conclusion that enlarged images do not fall within the scope of Section 1920. Shared Medical Systems v. Ashford Presbyterian Community Hosp., 212 F.R.D. 50, 55-56 (D.P.R. 2002) (finding that the costs of enlarged images are not permitted by Section 1920 and noting that "although helpful and convenient, these enlargements were not necessary to the litigation of this case"). In accordance with precedent in the District of Puerto Rico, the Court will deny

CIVIL NO. 09-1130 (JP)          -4-

Plaintiffs' request for the costs associated with preparing enlarged and mounted versions of documents and images.

### B.   Photocopies of Documents

The parties are also in dispute as to $251.30 spent by Plaintiffs to obtain a copy of a police report regarding the events alleged in the complaint, and to make copies of the police report and medical record.  Plaintiffs have submitted invoices indicating that an outside vendor made photocopies of these documents and installed them in binders.  Defendant argues that the costs of these photocopies should not be taxable because Plaintiffs did not submit the copies into evidence or serve them on Defendant.  By contrast with the enlarged and mounted images, the Court finds that making plain photocopies of key evidence was reasonably necessary to Plaintiffs' preparation for trial.  Interpreting Section 1920, the First Circuit has stated "[w]hile appellants argue that this rule should be limited to copy costs for documents actually filed, we decline to accept so narrow an interpretation of the statute." Rodríguez-García, 904 F.2d at 100.  In accordance with said interpretation, the Court finds that Plaintiffs are entitled to the disputed $251.30 spent on obtaining and copying documentary evidence.

### C.   Witness Fees

Plaintiffs request taxation of $300.00 in costs for fees paid to witnesses at trial. Plaintiffs calculate this amount on the basis of $100.00 payments made to each of three witnesses, Vilma

CIVIL NO. 09-1130 (JP)            -5-

Pérez-Pacheco, Maritza de Jesús-Delgado, and Miguel Rodríguez-Benabé. Defendant contests these costs for two reasons: (1) witness fees are limited by statute to $40 per witness per day, and (2) Plaintiffs did not call Miguel Rodríguez-Benabé to testify.  Therefore, Defendant argues that the witness fees should be limited to $40.00 each for Vilma Pérez-Pacheco and Maritza de Jesús-Delgado, or a total amount of $80.00.

Section 1920 permits taxation of costs for "[f]ees and disbursements for . . . witnesses."  Pursuant to 28 U.S.C. § 1821, "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance."  Said statute also permits reimbursement of a witness' expenses for travel by common carrier, or a mileage allowance and expenses for tolls and parking.  The statute requires submission of a receipt for travel expenses.  In the instant case, Plaintiffs have not submitted receipts or other evidence of travel expenses for their witnesses.  Therefore, the Court must limit the witness fees to $40 per witness. <u>Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority</u>, 193 F.R.D. 26, 35 (D.P.R. 2000) ("Although the award of costs to the prevailing party is presumed, clear documentation of those costs is a must").

With regard to the fee for Miguel Rodríguez-Benabé, the Court agrees with Defendant's contention that Plaintiffs' decision on the day of trial to not call said witness to testify precludes Plaintiffs' recovery of associated witness fees.  <u>Id.</u> at 34-35.

CIVIL NO. 09-1130 (JP)            -6-

Accordingly, the Court will tax a total amount of $80.00 in witness fees, corresponding to the statutorily permitted amount for the two subpoenaed witnesses that Plaintiffs called to the witness stand.

### D.   **Plaintiffs' Travel Costs**

Plaintiffs also move for taxation of the costs associated with travel for Dava Singer and Minor L.S., who were both Plaintiffs in the case and also appeared as witnesses.  Said costs amount to $4,940.60 and are evidenced by an invoice from Ulmer Travel Service, Inc.  Defendant opposes the taxation of Plaintiffs' travel costs, arguing that such expenditures do not fall within the scope of costs permitted by Section 1920.

As noted above, Section 1920 permits "[f]ees and disbursements for . . . witnesses."  Said fees and disbursements may include travel costs as defined in 28 U.S.C. § 1821.  Although the statutes do not define the word witness, "[t]he expenses of witnesses who are themselves parties normally are not taxable." 10 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2678 (3d ed. 2009).  <u>See</u> <u>also</u> <u>WH Smith Hotel Services, Inc. v. Wendy's Intern., Inc.</u>, 25 F.3d 422, 429 (7th Cir. 1994) ("In interpreting Section 1821, courts consistently have held that parties are not entitled to witness fees for their own appearances in court"). Because parties who are appear in court are not entitled to costs for their own appearance, the Court will deny Plaintiffs' request for Dava Singer and Minor L.S.'s travel expenses.

CIVIL NO. 09-1130 (JP)           -7-

### III. **CONCLUSION**

In conclusion, the Court awards Plaintiffs undisputed costs in the amount of $4,951.80, plus $80.00 in witness fees and $251.30 spent on obtaining the police report and making photocopies of the police report and medical record.  On or before February 19, 2010, Defendant **SHALL** submit payment in the amount of **$5,283.10.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of February, 2010.

                                                s/Jaime Pieras, Jr.
                                                 JAIME PIERAS, JR.
                                       U.S. SENIOR DISTRICT JUDGE